Name:    Li Guo Yao
A Number: 038 761 214
Address:  P.O.BOX 1031
         Marysville, CA 95901

PRO SE



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Name:  Li Guo Yao,<br><br>    Petitioner,<br><br>    v.<br><br>Timothy S. Aiken, Field Office Director, San Francisco Field Office, United States Immigration and Customs Enforcement; Sarah R. Saldana, Director, United States Immigration and Customs Enforcement; Jeh Johnson, Secretary, United States Department of Home Land Security; Loretta Lynch, United States Attorney General; and Warden of Immigration Detention Facility,<br><br>    Respondents. | Case No. 2:15-cv-2696 EFB HC<br><br>**PETITION FOR WRIT OF HEBEAS CORPUS PURSUANT TO 28 U.S.C. §2241** |

Petitioner Li Guo Yao petitions this Court for a writ of habeas corpus to remedy Petitioner's indefinite detention by Respondents.

## JURISTICTION AND VENUE

1.    This Court has subject matter jurisdiction and may grant relief under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1651(All Writs Act), and 28 U.S.C. § 1331 (federal question). This Court also has jurisdiction to hear this case under the Suspension Clause of Article I of the United States Constitution. *INS v. St. Cyr, 533 U.S. 289 (2001).*

1
PETITION FOR WRIT OF HABEAS CORPUS

2. Because Petitioner challenges his or her custody, jurisdiction is proper in this Court. While the courts of appeals have jurisdiction to review removal orders through petitions for review, see 8 U.S.C. §§ 1252(a)(1) and (b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by non-citizens challenging the lawfulness of their detention. *See, e.g., Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001); *Nadarajah v. Gonzales,* 433 F.3d 1069, 1075-76 (9th Cir. 2006)

3. Petitioner has exhausted any and all administrative remedies to the extent required by law.

4. Venue is proper in the Northern District of California Pursuant to 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the events or omissions giving rise to these claims occurred in this district. All material decisions have been made at the San Francisco Field Office of Immigration and Customs Enforcement (ICE), which is located in this judicial district.

## *PARTIES*

5. Petitioner is a non-citizen who is currently detained by Immigration and Customs Enforcement (ICE) at the Yuba County Jail in the city of Marysville California.

6. Respondent Timothy S. Aitken is the Field Office Director for the San Francisco Field Office of ICE. Respondent Aitken has the authority to order Petitioner's release or continued detention. As such, Respondent Aitken is a legal custodian of Petitioner.

7. Respondent Sarah r. Saldana is the Director of ICE. As the head of ICE, an agency within the United States Department of Homeland Security that detains and removes certain non-citizens, Respondent Saldana is a legal custodian of Petitioner.

8. Respondent Jeh Johnson is the Secretary of the United Stated Department of Homeland Security. He is responsible for the implementation and enforcement of the immigration laws and oversees ICE. As such, Respondent Johnson has ultimate custodial authority over Petitioner.

9. Respondent Loretta Lynch is the Attorney General of the United States. As the head of the United States Department of Justice, which oversees the immigration courts Respondent lynch shares responsibility for enforcement of the immigration laws with Respondent Johnson.

10. Respondent Warden of Immigration Facility is also a legal custodian of Petitioner.

11. All Respondents are sued in their official capacities.

## **FACTUAL ALLEGATIONS**

12. Petitioner Li Guo Yao was born in China.

13. Petitioner entered the United States on or about January 24, 1984. Petitioner's immigration history is as follows: Petitioner was admitted to the United States at Los Angeles, California on January 24, 1984 as a P-53, lawful permanent resident.

14. Petitioner's criminal history is as follows: In 1993 got convicted for a robbery and second degree murder.

15. Petitioner was detained by Immigration and Customs Enforcement on or about June 8, 2015. Petitioner has remained in ICE custody since that date.

16. An Immigration Judge ordered Petitioner removed from the United States on or about June 23, 2015. Petitioner DID NOT appeal the Immigration Judge's decision to the Board of Immigration Appeals (BIA).

17. Petitioner received a document titled "Decision to Continue Detention" from ICE on or about September 19, 2015. Petitioner received a second " Decision to Continue Detention" from ICE on or about December 19,2015.

18. Petitioner has cooperated fully with all of ICE's efforts to remove Petitioner. Petitioner has cooperated with ICE in the following ways: Petitioner had signed a travel document applications and provided all necessary information as ICE required, such as when and where petitioner was born, address in China (written in Chinese) and provided ICE with photographs and fingerprints, also Petitioner had attempted to contact the China Consulate on the numerous of occasions.

19. Nonetheless, ICE has been unable to remove Petitioner from the United States. ICE is unlikely to be able to remove Petitioner because: During Petitioner's detention in ICE custody, which is over six months, Petitioner fully cooperated with the deportation procedure and did everything in Petitioner's power to get deported. Since ICE is still unable to deport Petitioner to this date and there is no evidence when, if ever, travel documents will be issued, therefore, ICE is unlikely to be able to remove Petitioner in a reasonable foreseeable future.

## LEGAL FRAMEWORK

20. In *Advances v. Davis,* the Supreme Court held that the immigration statute 8 U.S.C. §1231(a)(6) does not allow ICE to detain a non-citizen indefinitely while attempting to carry out

removal. 533 U.S. 678,689 (2001). Because of the "serious constitutional problem" posed by indefinite detention, the Court read the statute to limit a non-citizen's detention to "a period reasonably necessary to bring about that alien's removal from the United States." *Id.*

21. The Court also recognized six months as the " presumptively reasonable period " of post-removal order detention. *Id. at* 701. After six months, once the non-citizen provides " good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to rebut that showing. *Id.* Moreover, "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

22. In *Clark v. Martinez,* the Supreme Court held that its ruling in *Zadvydas* applies equally to non-citizens who have never been admitted to the United States. 543 U.S. 371 (2005).

## CLAIM FOR RELIEF

### VIOLATION OF THE IMMIGRATION AND NATIONALITY ACT

23. The foregoing allegations are re-alleged and incorporated herein.

24. Petitioner's continued detention is unlawful and violates 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*. The six-month presumptively reasonable period of detention has expired and Petitioner has provided good reason to believe that his or her removal is not significantly likely to occur in the reasonably foreseeable future. Therefore, Respondents lack authority to continue detaining Petitioner.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court grant the following relief:

a) Assume jurisdiction over this matter;

b) Issue order pursuant to 28 U.S.C. § 2243 directing Respondents to show cause why the writ of habeas corpus should not be granted;

c) Grant the writ of habeas corpus and order Petitioner's immediate release from custody;

d) Grant any other and further relief as the Court deems just and proper.

Date: 12/19/2015         Signature: _____
                                            Petitioner